**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

---------------------------------------------------------- x
                                        :

MVL RIGHTS, LLC,                 :

                    :  Civ. Action No. 3:10-cv-00382

          Plaintiff,        :

                    :

          v.               :  **COMPLAINT AND**

                    :  **DEMAND FOR JURY TRIAL**

AIRBASE INDUSTRIES, LLC, EMAX AIR  :
FORCE TECHNOLOGY, EMAX COMPRESSOR, :
EATON AIR COMPRESSOR AND      :
FABRICATION, HULK TOOLS AND     :
EQUIPMENT, JOHN ROWLAND BROWN, JR., :
                    :

          Defendants.     :

                    :

                    :
---------------------------------------------------------- x

Plaintiff MVL Rights, LLC ("Marvel") by its undersigned attorneys and for its

Complaint, alleges as follows:

**NATURE OF THE ACTION**

1.      By this action Marvel seeks to enforce its trademark rights relating to its famous

HULK comic book character.  The HULK was introduced nearly fifty years ago, and has become

an extremely popular character that is regularly licensed for use on authorized merchandise.

2.      Marvel seeks relief arising from Defendants' use of the words HULK and

UNLEASH THE POWER in combination with the color green in connection with their

manufacturing, distributing, marketing, advertising, offering for sale and selling of air

compressors.

3.      More particularly, Marvel seeks injunctive relief and damages for trademark

infringement in violation of Section 1114 of the Trademark Act of the United States, 15 U.S.C.

§ 1114; for unfair competition and false designations of origin in violation of Section 1125(a) of the Trademark Act of the United States, 15 U.S.C. § 1125(a); for dilution of a famous trademark in violation of Section 1125(c) of the Trademark Act of the United States, 15 U.S.C. § 1125(c); and for related pendent acts of unfair competition, deceptive trade practices, false advertising, trademark infringement, and dilution in violation of the Ohio Revised Code Section 4165.01 et seq., and the common law of the State of Ohio.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

6.  Plaintiff MVL is a limited liability corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Rosecrans Avenue, Manhattan Beach, CA 90266.

7.  Upon information and belief, Defendant Airbase Industries, LLC ("Airbase") is an Ohio limited liability company with its principal place of business at 1000 Cass Drive, Clayton, OH 45315.

8.  Upon information and belief, Defendant Emax Air Force Technology ("Emax Air Force") is an unincorporated division of Defendant Airbase with its principal place of business at 1000 Cass Drive, Clayton, OH 45315.

9.      Upon information and belief, Defendant Emax Compressor ("Emax Compressor") is an unincorporated division of Defendant Airbase with its principal place of business at 1000 Cass Drive, Clayton, OH  45315.

10.     Upon information and belief, Defendant Eaton Air Compressor and Fabrication ("Eaton") is an unincorporated division of Defendant Airbase with a principal place of business at 1000 Cass Drive, Clayton, OH  45315.

11.     Upon information and belief, Defendant Hulk Tools and Equipment ("Hulk Tools") is an unincorporated division of Defendant Eaton with its principal place of business at 1000 Cass Drive, Clayton, OH  45315.

12.     Upon information and belief, Defendant John Rowland Brown, Jr. is an individual residing at 10456 Deer Trail Drive, Harrison, OH 45030.

## PLAINTIFF'S FAMOUS HULK PROPERTY

13.     Marvel is the owner of all rights and interests in the world-famous comic book character known as the HULK (the "HULK Character") which has been an integral part of popular culture for nearly fifty years.

14.     The HULK Character is referred to as the HULK, INCREDIBLE HULK and THE INCREDIBLE HULK (collectively, the "HULK Marks").

15.     Marvel owns numerous federal trademark registrations for its HULK Marks, some with first use dates as early as 1962, and nearly all of which are incontestable.

16.     The HULK Marks cover a wide variety of goods and services including comic magazines and books (Reg. Nos. 890,917; 970,791; and 1,252,880); entertainment services in the nature of television programs and animated cartoons, motion pictures, and amusement park rides (Reg. Nos. 2,920,699; 2,330,094 and 2,325,512); advertising and licensing services (Reg. No.

1,286,338); toys and sporting goods (Reg. Nos. 1,249,928; and 3,593,678); clothing (Reg. No. 1,242,914); wallets, tote bags and backpacks (Reg. No. 1,215,835); and bedding and bath linens (Reg. No. 1,231,157). Copies of the HULK Marks Certificates of Registration and assignment details are attached as Exhibit 1.

17.    Marvel also prominently features the tagline UNLEASHED (the "UNLEASHED Mark") on advertising, promotional materials, and licensed merchandise for the HULK Character, including on t-shirts, underwear, sweatshirts and jackets. As a result of its prominent use and sales of merchandise bearing the UNLEASHED Mark, the UNLEASHED Mark has developed secondary meaning and has become associated with Marvel. Attached as Exhibit 2 are photographs of clothing featuring the HULK Character and the UNLEASHED Mark.

18.    The HULK Character has predominantly been depicted and distinguished by its green skin. Marvel's depiction of the HULK Character as green is in keeping with the well-known HULK story wherein, wherever the character Dr. Banner becomes intensely angry or threatened, he transforms into the HULK Character.

19.    The color green in connection with the HULK Character has achieved secondary meaning and fame under Section 2(f) of the Lanham Act.

20.    Marvel is the owner of a federal trademark registration for the HULK Character and the color green (Reg. No. 2,834,185) in connection with action figures (Reg. No. 2,834,185) for toys and playthings (the "HULK GREEN Mark"). The description of the mark covered by Reg. No. 2,834,185 is "the color bright green for the skin and eyes of super-human character toys, to include entire figure drawn above except hair, mouth, and shorts, and not claiming configuration, as indicated." Copies of the HULK GREEN Mark Certificate of Registration and assignment details are attached as Exhibit 3.

21. The HULK Marks, UNLEASHED Mark and HULK GREEN Mark (collectively, the "HULK Property") are exclusively associated with Marvel's HULK Character, and have become extremely valuable.

22. The HULK Property has been and is being used, both directly and under license, for a wide variety of goods and services and is exclusively associated with Marvel by consumers. For example, Marvel has licensed use of the HULK Property on toys, apparel, video games, theme parks, both live action motion pictures as well as feature length animated direct to DVD feature films, housewares, back packs and school supplies, among many others (the "HULK Products"). Marvel's HULK Products are extremely popular worldwide and Marvel has established good will and fame of inestimable value in the HULK Property. Photographs of HULK Products are attached as Exhibit 4.

23. Marvel has previously licensed the HULK Marks for use on goods such as tool storage units.

24. As a result of the worldwide sales and popularity of the HULK Character and HULK Products, the HULK Property has achieved secondary meaning and fame in the minds of the public, and the HULK Property is immediately identified with Marvel.

## DEFENDANTS' INFRINGING CONDUCT

25. On June 11, 2009, Defendant Brown filed a trademark application (Ser. No. 77/757,650, the "Application") to register HULK in connection with "power tools, namely, impact wrenches, tile saws, cement saws, reciprocity saws, drills, hammer drills, sanders and grinders; lawn mowers, riding lawn mowers, multi-purpose high-pressure washers, chainsaws, power tillers, power-operated grass/weed trimmers, log splitters, power sandblasters, power jacks, winches, air compressors, concrete mixers, and waste compactors; air-powered tools,

5

namely, impact wenches, ratchet wenches, sanders, grinders, chisels, body saws, drills, flange tools, nibblers, jackhammers, and air jacks; rivet guns; pneumatic grease guns; cleaning machines for power-generation engines; earth levelers; shop vacuums; and engines other than for land vehicles" in International Class 7 and "hand tools, namely, jacks, tillers, hammers, ratchets, wrenches, screwdrivers, picks, breaker bars, spud bars, pry bars, nut drivers, axes, mauls, chisels, side cutters, and cutting pliers; carpenters' pincers; hand saws, namely, hack saws; and manually-powered hole openers used to enlarge holes in the ground" in International Class 8 (the "Infringing Mark").

26.     Marvel promptly advised Defendant Brown of its opposition to such registration, and requested that Defendant Brown withdraw the Application and agree not to adopt or use the Infringing Mark or any similar mark.  The parties engaged in discussions seeking to resolve their dispute, but have been unable to reach a resolution.

27.     Marvel commenced an Opposition proceeding before the PTO's Trademark Trial and Appeal Board to contest Defendant Brown's Application (Opposition No. 91195087, the "Opposition").

28.     Upon information and belief, in or about December 2009, Defendants began manufacturing, marketing, advertising, distributing, offering for sale and selling an air compressor under the name HULK with a tagline UNLEASH THE POWER (the "Infringing Product").

29.     The Infringing Product is green and prominently features the word HULK in large square black lettering outlined in silver and green to give the effect that the word HULK is backlit, like a movie title on a poster.  The tagline UNLEASH THE POWER is featured in large white lettering below the word HULK.

30.     The Infringing Product is a color green in a shade confusingly similar to the green on the HULK Character which is protected under U.S. Trademark Registration No. 2,834,185. See Exhibit 3.

31.     The Infringing Product's logo is nearly identical to Marvel's HULK logo design. Attached as Exhibit 5 are images of the Infringing Product's HULK logo and Marvel's HULK logo.

32.     The Infringing Product's configuration so closely resembles the overall look and feel of Marvel's HULK Property as to create a commercial impression that Marvel has authorized, licensed, sponsored, or approved of Defendants' manufacturing, distribution, marketing, advertising, offering for sale, and selling of the Infringing Product.  Attached as Exhibit 6 are images of the HULK Products and the Infringing Product.

33.     The Infringing Product's configuration so closely resembles the overall look and feel of Marvel's HULK Property, which the public exclusively associates with Marvel, as to cause confusion or cause consumers to believe that Marvel has authorized or endorsed the quality of the Infringing Product.

34.     Upon information and belief the Infringing Product is sold through online retailers, commonly referred to as "e-tailers", including homedepot.com, aircompressorsdirect.com, compressedairstore.com as well as the brick and mortar retail store Sears.

35.     Defendants have asserted their intent to expand their use of the Infringing Mark to include use on or in connection with power tools, namely, impact wrenches, tile saws, cement saws, reciprocity saws, drills, hammer drills, sanders and grinders; lawn mowers, riding lawn mowers, multi-purpose high-pressure washers, chainsaws, power tillers, power-operated

grass/weed trimmers, log splitters, power sandblasters, power jacks, winches, air compressors, concrete mixers, and waste compactors; air-powered tools, namely, impact wenches, ratchet wenches, sanders, grinders, chisels, body saws, drills, flange tools, nibblers, jackhammers, and air jacks; rivet guns; pneumatic grease guns; cleaning machines for power-generation engines; earth levelers; shop vacuums; and engines other than for land vehicle; Hand tools, namely, jacks, tillers, hammers, ratchets, wrenches, screwdrivers, picks, breaker bars, spud bars, pry bars, nut drivers, axes, mauls, chisels, side cutters, and cutting pliers; carpenters' pincers; hand saws, namely, hack saws; and manually-powered hole openers used to enlarge holes in the ground.

36.     Upon information and belief, Defendants are manufacturing, distributing, marketing, advertising, offering for sale, and selling the Infringing Product with knowledge of Marvel's world famous HULK Property and with the intent to trade on Marvel's good name as well as the reputation of Marvel's HULK Property.

37.     Defendants' infringing conduct is likely to create confusion and deceive consumers into believing that Defendants' Infringing Products originate with or are in some way sponsored, endorsed, licensed, associated or otherwise authorized or connected with Marvel. Such confusion would irreparably harm and damage Marvel because it has no control over the nature or quality of the goods provided or produced by Defendants.

38.     Defendants' infringing conduct is likely to lead to dilution of the distinctive and famous HULK Property.

39.     Upon information and belief, Defendants' infringing conduct is knowing, willful, and intentional and was undertaken in bad faith with the intention to unfairly trade on the goodwill of Marvel's famous HULK Property.

40.     Defendants' infringing conduct has deceived, and will continue to deceive the public.

## COUNT I
## Federal Trademark Infringement (15 U.S.C. § 1114(1))

41.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

42.     Defendants' use of the word HULK in combination with the color green is without the permission, consent or authorization of Marvel.

43.     Defendants' actions constitute infringement of Marvel's federally registered trademarks in violation of Section 32(a) of the Lanham Act (15 U.S.C. § 1114(1)) and give rise to a likelihood of confusion, deception and mistake among the consuming public and trade as to the source, origin, sponsorship or affiliation of Defendants' business.

44.     Defendants' unauthorized use of the word HULK in combination with the color green is confusingly similar to Marvel's federal registrations for its HULK Marks and HULK GREEN Mark.

45.     Upon information and belief, Defendants were aware of Marvel's ownership and prior use of the HULK Marks and HULK GREEN Mark long before their adoption of the word HULK and the color green for use in connection with the Infringing Product.  As such, Defendants' use of the HULK Marks and HULK GREEN Mark constitutes willful infringement.

46.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**COUNT II**
**False Designation of Origin (15 U.S.C. § 1125(a))**

47.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

48.     Defendants' use of the words HULK and UNLEASH THE POWER in combination with the color green is without the permission, consent or authorization of Marvel.

49.     Defendants' unauthorized use of the words HULK and UNLEASH THE POWER in combination with the color green is likely to cause confusion as to the source, origin, sponsorship or affiliation of Defendants' business.

50.     Defendants' unauthorized use of the words HULK and UNLEASH THE POWER in combination with the color green is likely to cause confusion with Plaintiff's HULK Property, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and constitutes the sale of goods or services bearing a false designation of origin.

51.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**COUNT III**
**Dilution of Plaintiff's Trademark in Violation**
**of the Lanham Act (15 USC § 1125(c))**

52.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

53.     Marvel's HULK Property is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54.     The HULK Property is famous by virtue of its substantial inherent and acquired distinctiveness, Marvel's extensive worldwide use for almost fifty years of the HULK Property, Marvel's extensive advertising, publicity and merchandising of the HULK Property which has lead to strong, widespread recognition of the HULK Property, and by virtue of Marvel's registrations of the HULK Marks and the HULK GREEN Mark on the Principal Register.

55.     The HULK Property was famous decades before Defendants misappropriated the HULK Property for use in commerce on its Infringing Products.

56.     Marvel has not authorized or licensed Defendants' use of the words HULK and UNLEASH THE POWER in combination with the color green.

57.     Upon information and belief, Defendants' adoption and commercial use of the HULK Property was undertaken knowingly and willfully.

58.     By reason of the foregoing, Defendants have engaged in and are continuing to engage in acts which dilute and are likely to dilute the distinctive quality of Marvel's HULK Property in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

59.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**COUNT IV**
**Unfair Competition and Deceptive Trade Practices**
**Under Ohio Revised Code Section 4165.01 et seq.**

60.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

61.     Based on Marvel's decades-long use, publishing, advertising, marketing and general popularity of the HULK Property, the HULK Property has acquired secondary meaning so that the public associates the HULK Property with Marvel.

62.     Defendants, through its manufacturing, distributing, marketing, advertising, offering for sale and selling of its Infringing Product are causing a likelihood of confusion as to the source, sponsorship, affiliation, connection, association or approval of Defendants by or with Marvel.

63.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**COUNT V**
**False Advertising**
**Under Ohio Revised Code Section 4165.01 et seq.**

64.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

65.     Defendants have made false and/or misleading statements of fact, implicitly representing that Marvel is the source, sponsors, is affiliated with, is connected to, approves of, or otherwise is associated with Defendants and Defendants' Infringing Product.

66.     Defendants have disseminated the statements described above into commerce within the State of Ohio.

67.     Defendants' statements described above have deceived a substantial segment of the audience exposed to them, or have the capacity for such deception.  Such statements are material in that they have affected or will likely affect the purchasing decisions of consumers.

68.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**COUNT VI**
**Trademark and Service Mark Infringement**
**Under Ohio Common Law**

69.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

70.     The HULK Property is distinctive.  Based on Marvel's decades-long use, publishing, advertising, marketing and general popularity of the HULK Property, the HULK Property has acquired secondary meaning so that the public associates the HULK Property with Marvel.

71.     Marvel has made continuous use of its HULK Property since introducing the HULK Character into U.S. Commerce, including the State of Ohio, almost fifty years ago.

72.     Defendants have intentionally used the words HULK and UNLEASH THE POWER in combination with the color green without Marvel's consent or authorization. Defendants' use of the HULK Property in connection with the sale of its Infringing Product is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' Infringing Product emanates from or originates with Marvel, or that Marvel approves of or sponsors, or otherwise associates itself with Defendants or Defendants' Infringing Products.

73.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill

and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT VII
## Unfair Competition Under Ohio Common Law

74.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

75.     By making unauthorized use in commerce of the words HULK and UNLEASH THE POWER in combination with the color green, Defendants are likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Marvel and as to the sponsorship or approval of Defendants' Infringing Product by Marvel.

76.     Defendants' manufacturing, distributing, marketing, advertising, offering for sale and selling of its Infringing Product causes confusion and mistake, deceives and misleads the purchasing public, trades upon Marvel's high quality reputation, and improperly appropriates to Defendants the valuable goodwill of Marvel.

77.     By the acts described above, Defendants have intentionally and willfully infringed Marvel's HULK Property in violation of Ohio common law.

78.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT VIII
## Dilution Under Ohio Common Law

79.     Marvel hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

80.     Marvel is the exclusive owner of the famous and distinctive HULK Property.

81.     The HULK Property is inherently distinctive and has been in use in commerce across many different types of media for almost fifty years.  The HULK Property was famous nearly fifty years before Defendants began using the HULK Property on its Infringing Product.

82.     The HULK Property has garnered widespread publicity and public recognition in Ohio and elsewhere worldwide.  It is famous.

83.     Defendants' use of the words HULK and UNLEASH THE POWER in combination with the color green in the manufacturing, distributing, marketing, advertising, offering for sale and selling of its Infringing Product constitutes commercial use in commerce of the HULK Property.  Marvel has not authorized or licensed this use.

84.     Defendants' use of the HULK Property in the manufacturing, distributing, marketing, advertising, offering for sale and selling of its Infringing Product actually dilutes, or is likely to dilute, the distinctive quality of the HULK Property, and to lessen the capacity of the HULK Property to identify and distinguish Marvel's goods and services.

85.     Defendants' unlawful use of the HULK Property causes blurring and tarnishment in the minds of the consumers between Marvel and Defendants, thereby lessening the value of the HULK Property as a unique identifier of Marvel's property.

86.     By the acts described above, Defendants have intentionally and willfully diluted the distinctive quality of the famous HULK Property in violation of Ohio common law.

87.     Marvel has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Marvel and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

A.  For judgment that:

      i.    Defendants have violated Section 32(a) of the Lanham Act, 15 U.S.C. §1114(a);

      ii.    Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

      iii.    Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

      iv.    Defendants have engaged in unfair competition and deceptive trade practices under Ohio Revised Code Section 4165.01 et seq.;

      v.    Defendants have engaged in false advertising under Ohio Revised Code Section 4165.01 et seq.;

      vi.    Defendants have engaged in trademark and service mark infringement under the common law of the State of Ohio;

      vii.    Defendants have engaged in unfair competition under the common law of the State of Ohio; and

      viii.    Defendants have caused dilution to Marvel's HULK Marks in violation of the common law of the State of Ohio;

B.  That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be preliminarily and permanently enjoined:

      i.    From using the HULK Property or any name or mark confusingly similar to the HULK Property;

      ii.    From using the HULK Property or committing any other act which falsely represents or which has the effect of falsely representing that the goods or

services of the Defendants are licensed, authorized by, or in any way associated with Marvel;

    iii.  From otherwise infringing the HULK Property;

    iv.  From otherwise unfairly competing with Marvel; and

    v.  From otherwise diluting or tarnishing the HULK Property and Marvel's business reputation;

C.    That Defendants account to Marvel for all gains, profits and advantages derived from Defendants' wrongful acts;

D.    That Marvel recovers from Defendants all of Defendants' profits and all damages, including lost profits, sustained by Marvel as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a) and Ohio State law;

E.    That Marvel be awarded all the costs, disbursements and attorneys' fees incurred by Marvel in bringing this claim, pursuant to 15 U.S.C. § 1117, the Ohio Revised Code Section 4154.03 and actual and punitive damages to the full extent available under common law;

F.    That the United States Patent and Trademark Office refuse registration of Defendants' pending application for HULK (Appl. No. 77/757650); and

G.    Such other and further relief as this Court may deem just and proper.


                    MLV RIGHTS LLC

                    _s/_  James D. Liles_____

By:    James D. Liles (0005547)
        Porter, Wright, Morris & Arthur, LLP
        250 East Fifth Street, Suite 2200
        Cincinnati, Ohio 45202-5118
        Tel.: (513) 369-4211
        Fax: (513) 421-0991
        Email: jliles@porterwright.com
        *Trial Attorney for Plaintiff, MLV Rights, LLC*

OF COUNSEL:

Nancy J. Mertzel
Donovan & Yee LLP
161 Avenue of the Americas, Suite 1201
New York, N.Y. 10013
Tel.: (212) 226-7700
Fax:  (212) 226-1995
Email: nmertzel@yeellp.com

<u>JURY DEMAND</u>

Plaintiff demands trial by jury upon all issues triable by jury.

__s/ James D. Liles_____
James D. Liles (0005547)